**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **RICARDO JOSE RIVERA REYES** | **CASE NO. 12-00087 BKT** |
| | **CHAPTER 13** |
| **Debtor(s)** | **ADVERSARY NO. 12-0367** |
| **RICARDO JOSE RIVERA REYES** | |
| **Plaintiff** | |
| **vs** | |
| **LUIS ANGEL NIEVES GARCIA** | **FILED & ENTERED ON 09/19/2014** |
| **Defendant(s)** | |

<u>**OPINION AND ORDER**</u>

Before this court is a Motion for relief from judgment under Fed. R. Civ. P. 60(b) filed by Defendant, Luis Angel Nieves García [Dkt. No. 39], and Plaintiff's Opposition [Dkt. No. 51]. For the reasons  set forth below, Defendants' Motion for relief from judgment is GRANTED.

**I. Factual Background**

On  September 24, 2012, Plaintiff filed a complaint for turnover of a property of the estate and willfull violation of the automatic stay [Dkt No. 1]. On August 13, 2013, the court entered a default  judgment against the Defendant, awarding Plaintiff $57,030.03 in compensatory damages, punitive damages in the amount of $20,000, attorney fees and costs in the amount of $9,747.50, and post judgment interest to be calculated according to applicable law [Dkt  No. 32]. The Defendant was also ordered to vacate the

premises.

On November 8, 2013, Defendant requested the court to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b) [Dkt No. 39]. Defendant argues that the complaint is based on an invalid lease agreement because it was executed without authorization of the majority of the members of the hereditary estate to which Plaintiff is a part of. Defendant also argues that the default judgment entered by this court is invalid because indispensable parties were not joined to the action.

Plaintiff opposes Defendant's motion for relief from judgment on the grounds that such motion is insufficient as a matter of law and the facts do not support a grant of relief of judgment [Dkt No. 51]. The court disagrees with Plaintiff's position.

**I. Relief from a Judgment**

Rule 60 affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. Particularly, Defendant proffers that the default judgment should be vacated as void, and because it was purportedly obtained through fraud or misrepresentation.

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶9024.03 (16th ed.). "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, 361 B.R. 294 (BAP 1st Cir. 2007)(citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Rodriguez Camacho, supra (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)).

However, such relief must be applied so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality as applied to court judgments. Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F 3d. 58, 64 (2001). The decision to grant or deny 60(b) relief lies in the sound discretion of the court and will be review only to determine if the court abused its discretion. Davila-Alvarez, 257 F 3d. at 63.

Because in this case the judgment was entered by default and the court has not had an opportunity of entertaining and deciding the disputes on the merits, the court should consider the validity

and fraud allegations raised by Defendant. Although at this point fraud and/or misrepresentation have not been established, the court, in its sound discretion vacates the default judgment in order to allow the parties to litigate on the merits.

**II. Conclusion**

**WHEREFORE, IT IS ORDERED** that the Motion for relief from judgment filed by Defendants [Dkt. No. 39] shall be, and it hereby is, GRANTED. The default judgment is hereby vacated [Dkt No. 32].

In San Juan, Puerto Rico, this 19th day of September, 2014.

Brian K. Tester
U.S. Bankruptcy Judge

c:    DEBTOR(S)
      EDGAR J RIVERA
      ALEJANDRO OLIVERAS RIVERA
      LUIS ANGEL NIEVES GARCIA
      JOSE J. GUEITS ORTIZ